IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Edward M. Robinson, Sharon H. Robinson, ) | Case No. 6:15-cv-01874-MGL-JDA |
| ) | |
| Plaintiffs, ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| v. ) | |
| ) | |
| Select Portfolio Servicing, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on Defendant's motion to dismiss. [Doc. 31.] Plaintiffs, proceeding pro se, bring this action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, 1692a–1692p, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601–2617. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters involving litigation by individuals proceeding pro se and submit findings and recommendations to the District Court.

Plaintiffs filed their Complaint on May 4, 2015. [Doc. 1.] Defendant filed its motion to dismiss on August 3, 2015. [Doc. 31.] By Order filed August 4, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiffs were advised of the dismissal/summary judgment procedure and the possible consequences if they failed to adequately respond to the motion. [Doc. 34.] Plaintiffs filed a response in opposition on September 4, 2015 [Doc. 36], and Defendant filed a reply on September 14, 2015 [Doc. 38]. The motion is ripe for review.

## BACKGROUND[1]

On April 6, 2001, Plaintiffs executed a promissory note for $131,750.00 in favor of lender Long Beach Mortgage Company. [Doc. 1-1 at 9.] The loan was secured by a mortgage signed on the same day for a property located at 207 Ikes Road in Taylors, South Carolina. [*Id.* at 2.] By certified mail on January 19, 2014, and again on April 25, 2014, Plaintiffs sent Defendant a RESPA qualified written request ("QWR") and a FDCPA notice of dispute requesting certain documents and notifying Defendant that the mortgage loan was in dispute. [Doc. 1 ¶¶ 9–10.] On May 7, 2014, Plaintiffs received a written correspondence from Defendant acknowledging receipt of the April 29, 2014 QWR and telling Plaintiffs to "be advised that [Defendant] is under no obligation to respond to the majority of the borrowers inquiries [and to] be advised that the claims and conclusions contained in the Letter are vague and conclusory, and without legal or factual support and are inconsistent with the document signed by the Borrower at closing." [*Id.* ¶ 11.] Plaintiffs received a second response letter on May 10, 2014, informing Plaintiffs that "the true owner

---

[1] For purposes of the motion to dismiss, the Court must accept as true Plaintiffs' well-pleaded allegations and may rely on the Complaint and documents attached to the Complaint as exhibits or incorporated by reference. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). Thus, the following Background is a summary of the allegations contained in the Complaint and its attachment, Docket Entry Numbers 1 and 1-1.

It appears that Plaintiffs have used the Complaint in another case, *Bracken v. Bank of Am. NA*, C/A No. 6:14-cv-01814-GRA-KFM, Docket Entry Number 1 ("*Bracken* Complaint"), and altered it to suit the facts of their case. However, it seems that Plaintiffs have neglected to alter all of the *Bracken* Complaint and some identical names and dates appear in both Complaints. [*See, e.g.,* Doc. 1 ¶¶ 11, 38–41; *Bracken* Complaint Doc. 1 ¶¶ 11, 38–41] At times it is unclear whether Plaintiffs are alleging certain facts or whether they erroneously kept in allegations from the *Bracken* Complaint. Moreover, throughout the Complaint, Plaintiffs reference exhibits that exist only as attachments to the *Bracken* Complaint. [*See, e.g.*, Doc. 1 ¶ 12 (referencing exhibit B which is not attached to the Complaint).]

2

of this obligation is: LONG BEACH MORTGAGE COMPANY, 1400 S. Douglas Road Suite 100, Anaheim, CA 92806[.]" [*Id.* ¶ 19.]  On May 25, 2014, Plaintiffs sent a reply letter to Defendant stating that Defendant's previous responses were inadequate, denying the validity of the debt, refusing to pay the alleged debt, and demanding Defendant cease and desist all attempts to collect the debt. [*Id.* ¶¶ 21–23.] On June 4, 2014, Plaintiffs received a reply from Defendant acknowledging receipt of Plaintiffs' correspondence and informing Plaintiffs that their loan was released to a new servicer and that they should contact the new servicer about concerns regarding their loan and property. [*Id.* ¶ 24.] Defendant sent a second letter that was received June 5, 2014. [*Id.* ¶ 27.] On June 20, 2014, Plaintiffs received an annual escrow disclosure statement from Defendant. [*Id.* ¶ 33.]

Plaintiffs assert that the letter received on May 7, 2014 violated the FDCPA because it failed to: validate the debt, contain the name of the creditor to whom the debt was owed, inform Plaintiffs that they had 30 days from receipt of the letter to dispute the validity of the debt or it would be presumed valid, contain a statement that the debt collector would obtain verification of the debt within 30 days of Plaintiffs' request, or contain the mini-miranda warnings that the communication was an attempt to collect the debt and was sent by a debt collector. [*Id.* ¶¶ 11, 13–15, 18, 42–57.] Plaintiffs allege the letter received May 10, 2014 violated the FDCPA by failing to validate the debt or provide the mini-miranda warnings. [*Id.* ¶¶ 19–20, 58–61.] Plaintiffs further allege the letters received on June 4, 2014; June 5, 2014; and on or around June 20, 2014 violate the FDCPA by failing to include the mini-miranda warnings and by communicating with Plaintiffs after the receipt of their cease and desist letter. [*Id.* ¶¶ 25, 26, 28, 29, 34, 35; 62–89.]

3

Plaintiffs also contend Defendant violated the FDCPA by transferring the debt, as referenced in Defendant's letter received on June 4, 2014, after Plaintiffs had informed Defendant that the debt was in dispute. [*Id.* ¶ 24.] Plaintiffs further contend Defendant violated the FDCPA based on their requests for Plaintiffs' credit reports from the major credit bureaus; the credit bureaus reported that the debt was not categorized as disputed. [*Id.* ¶¶ 30–32, 37, 90–105.] Plaintiffs allege that Defendant violated RESPA by failing to respond to Plaintiffs' letter, sent on April 25, 2014, within five days.[2] [*Id.* ¶ 11, 12, 106–09.]

Plaintiffs request statutory damages of $1,000,000.00, permanent injunctive relief, and all related legal fees and costs. [*Id.* at 5.] In another section of their Complaint, Plaintiffs request $37,000.00 in statutory damages, permanent injunctive relief, attorneys' fees, and court related costs and fees. [*Id.* at 24.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiffs brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.

---

[2]Plaintiffs misnumber their last two claims in roman numerals as counts 39 and 40; these are Plaintiffs' 34th and 35th numbered claims. [Doc. 1 at 25.]

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support her claim and entitle her to relief. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of

5

> what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is

entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

**Fair Debt Collection Practices Act**

Plaintiffs contend Defendant committed numerous violations of the FDCPA. [Doc. 1.] Defendant argues that Plaintiffs have failed to allege that Defendant is a debt collector as defined by the FDCPA. [Doc. 31-1 at 3.] The Court agrees Defendant's motion to dismiss should be granted with respect to this claim.

The purpose of the FDCPA is "to eliminate abusive debt collection practices *by debt collectors*, to insure that those debt collectors who refrain from using abusive practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e) (emphasis added). For purposes of the FDCPA, "debt collector" is defined as (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" or (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[3] *Id.* § 1692a(6). District Courts have held "that, under the FDCPA, 'debt collectors do not include creditors, mortgagors, mortgage servicing companies, trustees exercising their fiduciary duties, or assignees of debt so long as the debt was not in default at the time it

---

[3] The FDCPA's definition of "debt collector" expressly excludes officers and employees of a creditor who collect debts for the creditor in the creditor's name, as well as "any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts." 15 U.S.C. § 1692a(6)(A)–(B).

7

was assigned.'" *Quinlin v. CarringtonMortgage Servs.*, LLC, No. 0:13-1502-MGL-PJG, 2014 WL 3495838, at *8 (D.S.C. July 14, 2014) (quoting *Patrick v. PHH Mortg. Corp*, 937 F.Supp.2d 773, 789–90 (N.D.W. Va. 2013)); *see also Ayres v. Ocwen Loan Servicing, LLC*, Civil No. WDQ-13-1597, 2014 WL 4269051, at *7 (D. Md. Aug. 27, 2014) ("Mortgage servicing companies are exempt from the definition of 'debt collectors' under the FDCPA only 'to the extent that they take action to collect debts that were not in default at the time they acquired the debts.'" (citation omitted)); *Stoudemire v. Ray*, C/A No. 3:09-2485-CMC-JRM, 2012 WL 762037, at *3 (D.S.C. Feb. 9, 2012) (holding that "creditors, mortgagors, and mortgage servicing companies are not debt collectors under the FDCPA and are therefore exempt from liability under the FDCPA"), *report and recommendation adopted by* 2012 WL 762021 (D.S.C. Mar. 8, 2012).

Here, Plaintiffs have failed to state facts to sufficiently allege that Defendant is a debt collector as defined by the FDCPA. In the Complaint, Plaintiffs refer to Defendant as a "debt servicer" and assert that they received correspondence from Defendant stating that it "released servicing of the above loan to Green Tree Servicing [e]ffective April 20, 2013." [Doc. 1 ¶¶ 9, 17.] Plaintiffs contend that they received other correspondence from Defendant identifying itself as "the servicer of your home loan" and make a conclusory allegation that "Defendant is a known and active Debt Collector, as defined pursuant to [the FDCPA]." [Doc. 1 ¶¶ 6, 36.] However, Plaintiffs have provided no facts that demonstrate Defendant is anything other than a mortgage servicing company, or that Defendant obtained servicing rights to their loan after Plaintiffs defaulted on their debt. Plaintiffs documentation establishes only that they took out a mortgage and signed a promissory note on April 6, 2001, in favor of Long Beach Mortgage Company [Doc. 1-1], and Plaintiffs

allege that the debt was transferred to a "new servicer" on April 30, 2013 [Doc. 1 ¶ 17]. In their response in opposition to the motion to dismiss, Plaintiffs allege for the first time that the mortgaged property is in foreclosure. They fail, however, to provide the date of the foreclosure action or the date that Defendant acquired the servicing rights to their loan. Thus, Plaintiffs have failed to allege Defendant was a debt collector under the FDCPA. *See Thomas v. SunTrust Mortg., Inc.*, No. 1:14-cv-518, 2014 WL 4641168, at *5 n. 3 (M.D.N.C. Sept.16, 2014) ("A number of courts in this circuit have recognized that mortgage servicing companies foreclosing on real property do not qualify as debt collectors under the FDCPA, as long as their assignment occurred before default." (citation omitted)). Accordingly, this claim is subject to dismissal.[4]

**Real Estate Settlement Procedures Act**

Plaintiffs allege that Defendant violated RESPA by failing to acknowledge the receipt of their QWR within 5 days of receiving the QWR. [Doc. 1 at 106–09] Defendant argues Plaintiffs have failed to allege facts sufficient to demonstrate that their QWR met the

---

[4]Defendant also argues that Plaintiffs' FDCPA claim should be dismissed because the Complaint was filed outside the statute of limitations. [Doc. 31-1 at 6.] Defendant points out that Plaintiffs' Complaint was filed on May 4, 2015 and that, with respect to when the alleged violations occurred, they state different dates at different points in their Complaint; at some points Plaintiffs allege they received the unwelcome correspondence from Defendant in 2013 and at some points they allege the same letters were mailed in 2014. [*E.g.*, Doc. 1 ¶¶ 11 (stating Plaintiffs received a letter from Defendant on May 7, 2014), 45 (referencing a letter Plaintiffs received from Defendant on May 7, 2013). ] In light of the procedural posture of this case, the Court declines to address this argument when it is uncertain in what year these communications were received. *See Republican Party of N.C v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) ("A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.")

statutory definition or to plead actual damages. [Doc. 31-1 at 10.] The Court agrees that Plaintiffs' RESPA claim should be dismissed.

Under RESPA, when a servicer receives a valid QWR from a borrower requesting information pertaining to the servicing of a loan, the servicer must (1) acknowledge receipt of the request within five business days and (2) take any necessary action within 30 business days. 12 U.S.C. 2605(e). "In order to state a claim for a violation of RESPA's QWR provisions, the borrower must demonstrate (1) a written request that meets RESPA's definition of a QWR, (2) the servicer failed to perform its duties, and (3) actual damages." *IAR Family Trust v. Suntrust Mortg., Inc.*, No. 3:13-cv-418-GCM, 2014 WL 1432378, at *3 (W.D.N.C. Apr. 14, 2014); *see also Ward v. Sec. Atl. Mortg. Elec. Registration Sys., Inc.*, 858 F.Supp.2d 561, 575 (D. Md. 2012) ("Plaintiffs nevertheless do not state a claim under 12 U.S.C. § 2605(e) as Plaintiffs fail to allege any pecuniary loss attributable to the RESPA violation."); *Champion v. Bank of Am., N.A.*, C/A No. 5:13-cv-272-BR, 2014 WL 25582, at *3 (E.D.N.C. Jan. 2, 2014) ("[A]lleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiff must, at a minimum, also allege that the breach resulted in actual damages." (Internal quotation marks and citation omitted)).

Here, Plaintiffs seek monetary damages and state that they have "more than sufficiently enumerated their injuries suffered at the hands of Defendant . . . to be entitled to actual damages." [Doc. 36 at 6; *see* Doc. 1 at 5, 24.] However, beyond this conclusory statement, Plaintiffs have failed to contend they suffered any pecuniary loss or to provide any facts to allege actual damages as a result of Defendant's purported delay in

acknowledging receipt of their letter. Accordingly, Defendant's motion to dismiss should be granted with respect to this claim.[5]

## RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Defendant's motion to dismiss be GRANTED.

IT IS SO RECOMMENDED.

S/Jacquelyn D. Austin

United States Magistrate Judge

January 28, 2016

Greenville, South Carolina

---

[5] In Plaintiffs' response in opposition to the motion to dismiss, Plaintiffs state that "all efforts by select portfolio must be struck down precisely because Defendant has maliciously failed to negotiate a settlement to avoid foreclosure" and that "[b]asically Plaintiffs have been complaining that Defendant has failed to negotiate in good faith following financial hardships." [Doc. 36 ¶¶ 6, 12.] These allegations were not raised in the Complaint, and the Court declines to address them here.